HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY WATSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VANCOUVER, et al., <br><br> Defendants. | CASE NO. C13-5936 RBL <br><br> ORDER GRANTING SUMMARY JUDGMENT ON OSBACK'S NIED CLAIM <br><br> [DKT. #26] |

THIS MATTER is before the Court on Defendants' Motion for partial summary judgment on Plaintiff Osbeck's as-yet unasserted "bystander" NIED claim. The Motion is based on the fact that Osback was not Watson's blood relative or her husband at the time she watched his allegedly tortious arrest. This claim was discussed in the Defendants' prior Motion to Dismiss, and in the Court's Order resolving that Motion [Dkt. #20].

Plaintiff's Negligent Infliction of Emotional Distress claim is not, however, currently in the case. The Court granted Osback leave to amend her complaint to assert such a claim on March 4, but for some reason she has not yet done so—even though she has opposed the current Motion as though the claim *was* in the case. The Court is tempted to leave it at that, but will, in the interest of efficiency, address the merits of the unpled claim.

ORDER GRANTING SUMMARY JUDGMENT
ON OSBACK'S NIED CLAIM - 1

This issue is whether a loved one who is not a close blood relative of, or married to, the victim can sue if she otherwise can establish a bystander NIED claim.

Defendants argue Washington has never recognized a bystander NIED claim under these circumstances, and that the only relevant opinions addressing the issue have held that a person who is not a blood relative or married to the victim cannot bring a bystander NIED claim. *See Lindsay v. Visitec, Inc.*, 804 F.Supp. 1340, 1343 (W.D. Wash. 1992) (expressly rejecting similar claim); *citing Shoemaker v. St. Joseph Hospital*, 56 Wn. App. 575 (1990) (plaintiff must be a relative enumerated in Washington's wrongful death statute to recover even on an *intentional* infliction of emotional distress claim). In short, it argues that the question has not been affirmatively answered in a Washington opinion, despite the fact that the Washington Supreme Court has not explicitly rejected a bystander NIED claim by one who is not a close blood relative (as enumerated in the wrongful death statute).

Plaintiffs claim[1] that, despite several opportunities to do so, the Washington Supreme Court has not definitively foreclosed the viability of bystander NIED claims by person who are not married to or close blood relatives of the victim. As the Defendants point out, the sum of Osbeck's argument is that in the absence of a binding opinion holding that she cannot bring the claim, she can.

---

[1] Plaintiffs' second argument is that "even if the Court were to limit recovery to blood relatives, Washington Courts have recognized a claim for [NIED] absent physical injury." This appears to be a claim that, because she has the required objective symptomatology, she could overcome the "close relative" requirement and pursue her own (direct) NEID claim. The Defendants read the argument as an attempt to resurrect her direct negligence claims that were previously dismissed. Defendants are correct. Plaintiff does not have a direct negligence claim.

The wrongful death statute describes the potential beneficiaries of a Washington wrongful death action, and it does not include unmarried "loved ones" who are not related to the victim:

> Every such action shall be for the benefit of the wife, husband, state registered domestic partner, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife, husband, state registered domestic partner, or such child or children, such action may be maintained for the benefit of the parents, sisters, or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his or her death.

RCW 4.20.020.  Only one case has permitted someone not listed in this statute to bring a bystander NIED claim under Washington law:  *Percival v. General Electric Company*, 708 F.Supp.2d 1171 (W.D. Wa. 20120).  Judge Lasnik discussed the history of the claim and the various cases addressing it, and concluded that the victim's grandchildren (who had watched their grandmother burn to death) could assert bystander NIED claims.  Even *Percival*, however, concluded that the Washington Supreme Court would limit claim to plaintiffs who are related to the victim by marriage or blood:

> In sum, the Washington State Supreme Court requires that a bystander be a "relative" or "family member" of the person harmed[.]"

*Percival*, 708 F.Supp.2d at 1177.  But even if the list includes grandchildren (who are not listed in the wrongful death statute), it does not support Plaintiff Osbeck's claim; she was not related to Watson by blood or marriage at the time of the incident.

There is no authority, and no reasonable basis for concluding, that the Washington Supreme Court would permit a plaintiff in Osbeck's position to pursue a bystander NIED claim under Washington law.

1         For that reason, the Defendants' Motion for Partial Summary Judgment on this claim is

2 GRANTED and that (unpled) claim is DISMISSED with prejudice.  The Leave previously

3 Granted to Amend the complaint to assert that claim is REVOKED.

4         IT IS SO ORDERED.

5         Dated this 5th day of May, 2014.

6

7                              */s/ Ronald B. Leighton*
                             RONALD B. LEIGHTON

8                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24